UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-61953-CIV-GAYLES

DONNA MAE HICKENBOTTOM,

    Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On July 22, 2016, Plaintiff Donna Mae Hickenbottom, appearing *pro se*, filed a Complaint against Nationstar Mortgage, LLC, Marshall Craig Watson, Choice Legal Group, and Akerman LLP (collectively the "Defendants") in the United States District Court for the District of Columbia [ECF No. 1]. The case was then transferred to the Southern District of Florida. Plaintiff has filed a motion to proceed *in forma pauperis* [ECF No. 2], therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon initial screening, the Court finds that it does not have jurisdiction over most if not all of Plaintiff's claims and that Plaintiff's Complaint fails to state a claim upon which relief may be granted against the Defendants. It is also unclear if the Court has jurisdiction over the action.

Plaintiff alleges that the "Defendants" violated her civil rights by filing constitutionally invalid foreclosure complaints.  In particular, Plaintiff alleges that Defendants' practices led to a judgment of foreclosure on her property located at 1118 NW 8th Avenue in Fort Lauderdale, Florida.  Plaintiff's sprawling Complaint attacks the allegedly fraudulent practices of the Defendants and the validity of a judgment of foreclosure in Broward County case number 11000769.  In support of her Complaint, Plaintiff attaches a note, allonge, mortgage, and filings from the case.  However, the attachments all relate to a different property (10821 Morningstar Drive, Hollywood, Florida), a different lender (Countrywide Home Loans), and a different state court case (case number 09-27526-05) from those referenced in the Complaint.[1]

Plaintiff's action must be dismissed for a multitude of reasons.  First, to the extent Plaintiff is contesting the state court judgment of foreclosure, the Court has no jurisdiction to hear her claims.   Indeed, this Court has no jurisdiction to review a final judgment that was entered by a court of competent jurisdiction. *See Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (Under the *Rooker–Feldman* doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."); *Doe v. Florida Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011). The proper route for Plaintiff to challenge a judgment of foreclosure entered against her is through the appellate process of the Florida State court system, not through repeated filings in the federal court. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court

---

1 This mix-up is likely due to Plaintiff filing multiple cases in this district, most of which relate to foreclosure entered against her in Florida state court. *See Hickenbottom v. BAC Home Loans Servicing, LP,* 13-cv-62230-RNS; *Hickenbottom v. Choice Legal Group, P.A., et al.*, 14-cv-60356-UU; *Hickenbottom v. Citimortgage, Inc., et al.*, 14-cv-60357-WJZ; *Hickenbottom v. Imperato, et al.,* 15-cv-60030-BB; *Hickenbottom v. Rosenthal et al.,* 15-cv-60115-WJZ; *Hickenbottom v. Stone et al.,* 15-cv-60153-JIC, *Hickenbottom v. Citimortgage, Inc., et al.,* 16-cv-61952-JEM; *Hickenbottom v. FNMA, et al.,* 16-cv-61959-WJZ; *Hickenbottom v. Bank of America, et al.,* 16-cv-60722-WPD.

final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."); *Parker v. Potter*, 368 F. App'x 945, 947–48 (11th Cir. 2010) ("In certain circumstances, a federal court must decline or postpone the exercise of its jurisdiction by deferring to the courts of the several states.").

Second, to the extent Plaintiff is asserting claims for Defendants' alleged misconduct in obtaining the foreclosures, she fails to state a claim upon which relief can be granted.  Plaintiff cannot state a claim against the Defendants, all private actors, for violations of the Fourth, Fifth, or Fourteenth amendments to the Constitution or Articles One and Six of the Constitution as "the Constitution only protects against injuries caused by state actors."  *Abner v. Mobile Infirmary Hosp.*, 149 F. App'x 857, 859 (11th Cir. 2005).  Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, and 1985 all fail because those statutes require, as an element of each claim, that Plaintiff was discriminated against on account of her race.  *See Lake Lucern Civic Ass'n, Inc. v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 699-700 (S.D. Fla. 1992) ("In order to state a cause of action under §1982, Plaintiffs must allege their property interests were impaired on account of their race."); *Kinnon v. Arcoub, Gopman & Assoc., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (elements of §1981 include that "defendant intended to discriminate based on race."); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (holding that "[t]he language [of §1985] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."); *Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1481 (S.D. Fla. 1987) ("In order to prevail on his §1985(3) claim . . . the plaintiff must prove at least two things: (1) A conspiracy, and (2) intentional discrimination on the basis of his race.").  Plaintiff has not

alleged discrimination based on race or any other personal characteristic.  Indeed, Plaintiff makes no allegation regarding her race.

In addition, Plaintiff fails to state a claim under § 1983.  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir.1992).  A private party may be considered a state actor under §1983 if:  "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ("nexus/joint action test")." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). Plaintiff fails to sufficiently allege that the Defendants can be considered state actors under either the state compulsion, public function or nexus/joint action tests.

Finally, Plaintiff's allegations regarding the judgment of foreclosure on the property located at 1118 NW 8th Avenue in Fort Lauderdale, Florida do not comport with the note, mortgage, and state court pleadings attached to the Complaint.  As a result, the Court cannot tell from the Complaint the relief that Plaintiff has requested in the instant case.

Based on the foregoing, the Court is authorized under 28 U.S.C. § 1915(e)(2)(ii) to dismiss the action.   Therefore it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED**.   It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* **[ECF No. 3]** is **DENIED** and the Clerk is instructed to mark the case as **CLOSED.** All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE